# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOTSON, TONYA DOTSON, and AMBER DOTSON, | Case No.: 3:14-cv-00159-EJL-REB |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER RE: MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| DANIEL L. FUNDERBURG, JIM GORGES, DOUG GIDDINGS, IDAHO COUNTY, and DOES 1-10, | **(Docket No. 21)** |
| Defendants. | |

The Court has reviewed Defendants' Motion for Protective Order (Docket No. 21), its related briefing in support and in opposition, and those other materials submitted for the Court's consideration in regard to said Motion. The Court has before it all the information needed to decide the motion, and finds that oral argument is not necessary.

The Motion concerns a discovery request directed by Plaintiffs to Defendants seeking the records of an "Internal Affairs investigation that was completed by Kootenai County Detective Sgt. Ken Lallatin at the request of Idaho County Sheriff Doug Giddings . . . related to any knowledge Undersheriff Jim Gorges may have had of the facts that formed the basis of the criminal charges against Mr. Funderburg." Mem. in Supp. of Mot. for Prot. Order, p. 2. (Docket No. 21, Att. 2). The subject of the investigation relates to the same facts at play in this lawsuit. However, Defendants contend that the records of the Internal Affairs investigation constitute "personnel records" under Idaho law (citing to Idaho Code § 9-340C(1)), such that they would be exempt from a request by the public to inspect such records under Idaho public records

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR PROTECTIVE ORDER - 1**

statutes, and that as such, they are of a private and confidential nature that deserve similar treatment in any use to be made of them in this case.[1]

Defendants have proposed a protective order intended to prevent disclosure of the records at issue (hereafter referred to as the "IA Records") to persons directly connected to the lawsuit (*see* Docket No. 21, Att. 1). Plaintiffs contest the limitations, but propose a solution that would call for redaction of information from the documents in a manner otherwise generally called for by court rules, as to information of a particularly confidential nature, *i.e.*, "To the extent that persons [otherwise not entitled to view the confidential documents] are to view Confidential Matter, such matter must be redacted as would be required prior to Court filing pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 5.5." Resp. to Mot. for Prot. Order, p. 3. (Docket No. 22).

The Court has carefully considered the competing interests at play in this dispute, pursuant to the standards of the applicable rules. In doing so, the Court is mindful that it is the substance of the information that is significant, not the label attached to it. For instance, even though the records involved here are described as stemming from an "Internal Affairs" investigation that (as Defendants apparently contend) were ultimately destined for an employee file(s) of the person(s) who are the subject of the investigation, such a characterization is not necessarily determinative of how the records of such an investigation should be considered for these purposes. For example, the nature of the investigation may well have been no different than it would have been if private citizens had been involved, rather than law enforcement

---

[1] The issue of the Internal Affairs investigation records being available in this federal court lawsuit to the litigants is, of course, a matter determined by the applicable federal statutes and court rules, not Idaho public records law.

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR PROTECTIVE ORDER - 2**

officers, with the purpose of the investigation to determine whether laws had been violated. If private citizens were involved, the records of such an investigation would be considered differently (notwithstanding the distinction under Idaho public records law between active and completed, or inactive, investigation records). Were it otherwise, a public entity seeking to shield a record from public disclosure could simply place it into a personnel file and claim a protection from disclosure of the record, regardless of whether the record was legitimately a personnel record intended to be protected. Similarly, a record can be of a dual nature – for example, investigative in one context, but also (because it involves an employee of the agency) a personnel record in another context. Such distinctions are equally significant in consideration of a request for a protective order in a judicial proceeding, particularly when the justification for such a protective order is premised in large part upon the "label" given to such records.

Nonetheless, here, the Court is satisfied based upon the representations of Defendants' counsel, that there is an appropriate basis to describe the content of the IA Records as personnel records (at least in the ordinary context of personnel records) and that fact, along with the nature of the information purportedly contained in such records, is sufficient reason under FRCP 26(c) to provide some protection to the use of the records. The Court further finds that Defendants' proposed protective order (*see* Docket No. 21, Att. 1) is an appropriate form of such protection, in the current setting of the case and based upon the information currently before the Court. Therefore, the Court will issue an order in that form, with some additional content intended to emphasize the limitations upon any attempts to limit the use of, or access to, the IA Records if they become part of motion practice or trial evidence. In those circumstances, additional interests involving the presumption of openness and access to court proceedings come into play

as to any ruling upon whether there should some form of "confidentiality" placed upon such records, and the party seeking to seal or otherwise maintain confidentiality of such records will be required to make the necessary showing under applicable law.

Further, if Plaintiffs conclude after receipt and review of the IA Records that there are additional facts and argument that should be brought the Court's attention as to the propriety of any protective order, based upon the content of such records, then Plaintiffs may seek reconsideration of this Order.

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Protective Order (Docket No. 21) is GRANTED.

DATED: **December 4, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge