UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOTSON, TONYA DOTSON, and AMBER DOTSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>DANIEL L. FUNDERBURG, JIM GORGES, DOUG GIDDINGS, IDAHO COUNTY, and DOES 1-10,<br><br>    Defendants. | Case No.: 3:14-cv-00159-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO DISCLOSE SGT. KEN LALLATIN AS A RULE 26(a)(2)(C) EXPERT WITNESS**<br><br>**(Docket No. 40)** |

Now pending before the Court is Plaintiffs' Motion for Leave to Disclose Sgt. Ken Lallatin as a Rule 26(a)(2)(C) Expert Witness (Docket No. 40). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

## I. BACKGROUND

Plaintiffs' expert disclosures were due on July 3, 2015 and, on July 2, 2015, Plaintiffs designated Mark K. Sterk as an expert witness on law enforcement practices who will be called upon to testify on Plaintiffs' behalf at trial.

The following month, on August 25, 2015, Detective Sergeant Ken Lallatin was deposed as a fact witness – Detective Lallatin had conducted an internal affairs investigation related to whether officials within the Idaho County Sheriff's Department had knowledge of the facts that formed the basis of the criminal charges (sexual assault) against Daniel Funderburg. According

**MEMORANDUM DECISION AND ORDER - 1**

to Plaintiffs, "[b]ased on several opinions given during [Detective Lallatin's] deposition," they "intend to elicit expert witness testimony from [him] at trial given his knowledge, skill, experience, training and education as a detective with substantial experience conducting criminal and internal investigations and his conclusions in this case." Mem. in Supp. of Mot. for Leave, p. 2 (Docket No. 40, Att. 1); *see also id*. at p. 5 (". . . Plaintiffs intend to call [Detective Lallatin] at trial to provide both factual testimony as to his internal investigation and expert testimony as to his opinions based on his investigation given his knowledge, skill, experience, training and education as a detective with substantial experience conducting criminal and internal investigations."). Therefore, through the at-issue Motion, Plaintiffs seek to amend their expert disclosures to name Detective Lallatin as a non-retained expert witness.

## II. DISCUSSION

The deadline for disclosing expert witnesses has passed. As a result, Plaintiffs must show good cause to justify an extension of that deadline to accommodate the relief they now seek. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Ninth Circuit has stated that a "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence. *See* 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.2 at 231 (3d ed. 2015) ("In general, if the party seeking relief can show that the deadlines cannot reasonably be met despite

**MEMORANDUM DECISION AND ORDER - 2**

the party's diligence, relief may be given. Similarly, relief may be granted if the court finds that the movant has not unduly delayed the action and that the opponent will not be prejudiced by the modification."). Examined against this standard, good cause exists to extend Plaintiffs' expert disclosure deadline and allow Plaintiffs to name Detective Lallatin as a non-retained expert.

Pertinent to this conclusion is the fact that the deadline for all discovery, including depositions, was October 9, 2015 – more than six weeks *after* Detective Lallatin was deposed. That is, while Plaintiffs could have deposed Dr. Lallatin earlier and, thus, identified him as a non-retained expert before the July 3, 2015 expert disclosure deadline, Plaintiffs' failure to do so should not equate to a lack of diligence on their (or their counsels') part when considering that his deposition nonetheless took place well before the deadline for doing so. And, upon realizing that Detective Lallatin provided both factual and expert testimony during his timely deposition, the record reveals that Plaintiffs promptly moved to identify him as an expert witness. *See* Reply in Supp. of Mot. for Leave, p. 5 (Docket No. 44) ("At deposition, it became clear that Detective Lallatin had information that may fall somewhere on the spectrum between lay testimony and expert testimony. It is not clear whether Detective Lallatin can, or should be required, to try and parse his testimony. Thus, Plaintiffs' counsel promptly disclosed the opinions made in his report as potential FRCP 26(a)(2)(C) testimony."). In short, nothing suggests improper delinquence when it came to naming Detective Lallatin as a non-retained expert witness – the facts simply unfolded in a way that led to an expert disclosure after the July 3, 2015 date for doing so.

Additionally, any prejudice to Defendants that might accompany Plaintiffs' efforts to now disclose Detective Lallatin as a non-retained expert witness is offset by the fact that there currently is no trial date set. With no trial date, Defendants have adequate time to supplement

**MEMORANDUM DECISION AND ORDER - 3**

their own expert disclosures to account for/respond to Plaintiff's identification of Detective Lallatin as their non-retained expert witness. *See id.* at pp. 2 & 5-6 ("Plaintiff is willing to permit supplement or rebuttal opinions from Defendants' expert . . . . Finally, Plaintiff agrees to any extensions of discovery deadlines or expert witness rebuttal deadlines if Defendants' expert has rebuttal testimony to their own agent's opinions.").

## III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Disclose Sgt. Ken Lallatin as a Rule 26(a)(2)(C) Expert Witness (Docket No. 40) is GRANTED.  Within 14 days of this Memorandum Decision and Order, Plaintiffs shall formally disclose Detective Lallatin as a non-retained expert witness pursuant to FRCP 26(a)(2)(C), consistent with the substance already included within Plaintiffs' moving paperwork.  Defendants are permitted to disclose responsive expert witnesses and the expected testimony of those witnesses within 28 days thereafter.

DATED:  **May 2, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**